Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant*
*Benjamin Pease*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MUNGUIA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ATYR PHARMA INC. and SANJAY S. SHUKLA,<br><br>Defendants. | Case No. 3:25-cv-02681-WQH-SBC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BENJAMIN PEASE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Judge: Hon. William Q. Hayes<br>Date: January 12. 2025<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| JOHN KING, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ATYR PHARMA INC. and SANJAY S. SHUKLA,<br><br>Defendants. | Case No. 3:25-cv-02826-WQH-SBC |

Benjamin Pease ("Pease") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78-u, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Pease as Lead Plaintiff under 15 U.S.C. § 78-u(a)(3)(B); (3) approving Pease's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78-u(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all investors who purchased or otherwise acquired aTyr Pharma Inc. ("aTyr" or the "Company") common stock, purchased call options on aTyr common stock, and/or sold put options on aTyr common stock, between November 7, 2024, and September 12, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Pease is the "most adequate plaintiff" as defined by the PSLRA.

In addition, for purposes of this motion, Pease satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Pease respectfully submit that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class. Additionally, Pease's selection of GPM as Lead Counsel for the class should be approved because the firm

1

has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

aTyr is a clinical-stage biotechnology company. Throughout the Class Period, the Defendants provided investors with material information concerning the Company's EFZO-FIT trial. This information included, among other things, statements from aTyr's Chief Executive Officer on his confidence in the forced steroid taper approach in the EFZO-FIT's study design. Defendants misled investors on the therapy's ability to allow a patient to significantly taper steroid usage. This caused Plaintiff and other shareholders to trade aTyr's securities at artificially inflated prices.

Then, on September 15, 2025, before market open, aTyr hosted an investor call on which the Company disclosed that the EFZO-FIT trial failed to meet its primary endpoint. Specifically, Efzofitimod usage at 48 weeks did not achieve the hyped steroid dose reduction and results showed only minor differences from placebo. aTyr also announced that the Company's next step was to engage with the FDA to determine a path forward, given the disappointing outcome.

On this news, aTyr's common stock price declined from a market close price of $6.03 per share on September 12, 2025, to $1.02 per share on September 15, 2025, an 83.2% price decline over a single trading day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.    PROCEDURAL HISTORY

On October 9, 2025, Plaintiff Marco Munguia commenced the first class action lawsuit against aTyr and certain of its officers captioned *Munguia v. aTyr Pharma Inc.*, No. 3:25-cv-02681-WQH-SBC (the "*Munguia* Action"). It alleges violations of

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") during a class period spanning January 16, 2025 to September 12, 2025.

On October 22, 2025, Plaintiff John King commenced a similar class action against aTyr, captioned *King v. aTyr Pharma Inc.*, No. 3:25-cv-02826-WQH-SBC (the "*King* Action," and together with the *Munguia* Action, the "Related Actions"). The *King* Action is brought against the same Defendants, alleges violations of the Exchange Act, and alleges an expanded class period of November 7, 2024 to September 12, 2025.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Soe v. Progenity, Inc.*, 2020 WL 7129365, at *2 (S.D. Cal. Dec. 3, 2020) ("Because both cases involve similar factual and legal issues surrounding the same alleged misconduct by Defendants, consolidation of the two cases would promote judicial economy.").

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.    Pease Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of

adequately representing the interests of the class – is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78-u(a)(3)(B)(iii)(I).  The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interests of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78-u(a)(3)(B)(iii)(II).  As set forth below, Pease has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Pease, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Pease respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.    Pease's Motion is Timely

On October 9, 2025, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Pease had sixty days (*i.e.*, until December 8, 2025) to file a motion to be appointed as Lead Plaintiff. As a purchaser of aTyr stock during the Class Period, Pease is a member of the proposed class and has timely filed a motion for

appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA.  15 U.S.C. § 78-u(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Pease attest that he has reviewed the complaint, adopt the allegations therein, and is willing to serve as representatives of the class. Linehan Decl., Ex. B. Accordingly, Pease satisfies the first requirement to serve as Lead Plaintiffs for the class.

### 2. Pease Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78-u(a)(3)(B)(iii). At the time of this filing, Pease believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

As a result of the revelations of the fraud described above, Pease suffered a significant financial loss of approximately $93,219.10. *See* Linehan Decl., Ex. C. To the best of his knowledge, Pease is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Pease believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Pease Satisfies the Requirement of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, typicality and adequacy are the two relevant requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).

### a)    Pease's Claims are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Soe*, 2020 WL 7129365, at *4; *Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Pease's claims are typical of the claims asserted by the proposed class. Like all members of the class, Pease purchased aTyr securities during the Class Period and suffered losses as a result of his transactions. Like all members of the Class, Pease alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning aTyr's operations and financial prospects. Pease's losses, like the losses suffered by all other members of the class, arises from the artificial inflation of aTyr securities caused by Defendants' alleged

misrepresentations and omissions. Accordingly, Pease's interests and claims are typical of the interests and claims of the class.

### b)    Pease Is an Adequate Representative

Rule 23(a)(4) "requires that the named plaintiff suing on behalf of a class fairly and adequately protect the interests of that class. The test for adequacy asks whether the lead plaintiff and his counsel have any conflicts of interest with other class members and whether they will prosecute the action vigorously on behalf of the class." *Soe*, 2020 WL 7129365, at *6 (internal quotation marks omitted).

Here, Pease satisfies the adequacy requirements. Pease's financial interest demonstrates that he has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Pease is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Pease resides in Pāhoa, Hawaii, and has been investing for approximately 18 years. Pease has a Master of Science in Nursing (MSN) from Yale School of Nursing and has been a nurse practitioner for approximately 11 years. Pease is well-qualified to represent the class. Moreover, Pease has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). In addition, Pease is not aware of any conflict between his claims and those asserted on behalf of the class.

Accordingly, Pease is adequate and should be appointed as lead plaintiff.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78-u(a)(3)(B)(v). Here, Pease has retained GPM to pursue this litigation on his behalf and will retain the firm as plaintiff's Lead Counsel in the event Pease is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Prongay Declaration as Exhibit D, the Court may

be assured that, by granting Pease's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Pease's selection of counsel.

## V.     CONCLUSION

For the foregoing reasons, Pease requests that the Court to grant his Motion and enter an Order: (i) consolidating the Related Actions; (ii) appointing Pease as Lead Plaintiff; (iii) approving Pease's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  December 8, 2025                    Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Benjamin Pease*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*