Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MUNGUIA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ATYR PHARMA INC. and SANJAY S. SHUKLA, <br><br> Defendants. | Case No. 3:25-cv-02681-WQH-SBC <br><br> <u>CLASS ACTION</u> <br><br> **RESPONSE IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT JOSHUA BLOOM AND ANDREA HOLLIDAY BLOOM AS LEAD PLAINTIFF, AND APPROVE SELECTION OF COUNSEL** <br><br> DATE:      January 12, 2026 <br> JUDGE:    Hon. William Q. Hayes <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| JOHN KING, Individually and on Behalf of All Others Similarly Situated <br><br> Plaintiff, <br><br> v. <br><br> ATYR PHARMA INC. and SANJAY S. SHUKLA, <br><br> Defendants. | Case No. 3:25-cv-02826-WQH-SBC |

## I.   INTRODUCTION

Six motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  A review of the competing filings reveals that movants Joshua Bloom and Andrea Holliday Bloom ("Movants") are the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).[2]

*First*, Movants claim the largest financial interest, having suffered $791,654.76 in losses on their Class Period transactions (ECF No. 8-4), which is the primary focus of the PSLRA appointment criteria. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

| **Movant** | **Loss Claimed** |
| --- | --- |
| Andrea Holliday Bloom Joshua Bloom | $791,654.76 |
| Anthony Fairris | $92,092.00 |
| Insun Lee | $133,498.00 |
| Karyn Fairris | $13,200.00 |
| | $238,790.00 |
| Daniel Gron | $69,230.00 |
| Stanley Mwaura | $123,476.74 |
| | $192,706.74 |
| ~~Michael Todd Morrow~~ | ~~$176,279.53~~ |
| ~~Wallace Madewell~~ | ~~$95,024.54~~ |

---

[1] All capitalized terms are defined in Movants' initial brief, unless otherwise indicated. *See* ECF No. 8.

[2] Movants Michael Todd Morrow, Wallace Madewell and Benjamin Pease have withdrawn their motions. ECF Nos. 10, 13, and 14.

-1-

| **Movant** | **Loss Claimed** |
|---|---|
| ~~Benjamin Pease~~ | ~~$93,219.10~~ |

***Second***, Movants also made a *prima facie* showing of typicality and adequacy. Here, like other class members, Movants' claims raise the common question of whether Defendants made material misrepresentations that artificially inflated the Company's stock price. Moreover, Movants have demonstrated their adequacy given their significant financial stake, retention of qualified counsel and ability and willingness to zealously prosecute the class's claims.

Having satisfied these two steps, Movants are entitled to a strong presumption that they are the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Movants are inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Movants are somehow unfit to represent the Class. Accordingly, the Court should appoint Movants Lead Plaintiff and approve their choice of counsel.

## II.    ARGUMENT

### A.    Movant's Financial Interest in this Action is Larger than Any Other Movant

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movants suffered losses of $791,654.76 on their purchases of aTyr securities during the Class Period. *See* Gilmore Decl., Ex. B (ECF No. 8-4). Thus, Movants have the largest financial interest in the relief sought by the Class.

### B.    Movants also Satisfy the Typicality and Adequacy Requirements of Rule 23

Movants also satisfy the typicality and adequacy requirements of Rule 23. As demonstrated in Movants' moving papers, Movants' claims are typical of Class

-2-

members. Here, like all other Class members, Movants: (1) purchased aTyr shares on the open market during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) were harmed when the truth was revealed. "Because of shared claims based on similar legal theory and events, [Movants] satisfies the typicality requirement." *Lechner v. InfuSystem Holdings, Inc.*, 2017 WL 5640523, at *4 (C.D. Cal. Feb. 17, 2017).

Movants similarly satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Movants have a substantial financial stake in the litigation as well as the incentive and ability to vigorously pursue the Class's claims. Further, Movants' interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movants and the Class. Finally, Movants' selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* Gilmore Decl., Ex. E (ECF No. 8-7).

Because there is no contrary evidence against Movants, the Court should appoint Movants as lead plaintiff.

**C.     Hagens Berman Should Be Appointed Lead Counsel**

Movants' counsel, Hagens Berman, readily satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class. Hagens Berman has also previously prosecuted a number of similar securities fraud class actions and has been successful. *See* Gilmore Decl., Ex. E (ECF No. 8-7) at pages 17-19. Because Hagens Berman has demonstrated its competency to represent the class, the Court should appoint Hagens Berman as lead counsel.

## III.   CONCLUSION

For the reasons discussed above and in the opening brief (ECF No. 8), Movants respectfully request that the Court consolidate the related actions, appoint them Lead Plaintiff, and approve the selection of Hagens Berman as Lead Counsel for the Class.

-3-

Dated: December 29, 2025                Respectfully submitted

                                        HAGENS BERMAN SOBOL SHAPIRO LLP

                                        By /s/ *Lucas E. Gilmore*
                                              LUCAS E. GILMORE
                                        Reed R. Kathrein (139304)
                                        Lucas E. Gilmore (250893)
                                        715 Hearst Avenue, Suite 300
                                        Berkeley, CA  94710
                                        Telephone: (510) 725-3000
                                        Facsimile:  (510) 725-3001
                                        reed@hbsslaw.com
                                        lucasg@hbsslaw.com

                                        *Attorneys for [Proposed] Lead Plaintiff*

-4-